IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT LANCASTER, in His Capacity as Heir to the Estate of Angela Lancaster, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | No. 4:20cv1957 |
| HEALTHTRUST WORKFORCE SOLUTIONS, LLC., | § § § § | Jury Trial Demanded |
| Defendant. | § § | |

## **COMPLAINT**

Plaintiff Scott Lancaster, in his capacity as heir to the Estate of Angela Lancaster, files this Complaint against Defendant HealthTrust Workforce Solutions, LLC.

## **Parties**

1. Plaintiff Scott Lancaster is an individual residing in Brazoria County, Texas. Mr. Lancaster is the surviving spouse of Angela Lancaster, who passed away in March 2020, after the issuance of a right to sue letter by the EEOC. Ms. Lancaster was intestate. At this time, there is no administration pending, and none is necessary. Thus, Mr. Lancaster has standing to bring this action as an heir. *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). If it is determined that administration is necessary, Mr. Lancaster anticipates that he will initiate and complete any probate proceedings necessary to formally receive designation as a personal representative of the estate.

2. Defendant HealthTrust Workforce Solutions, LLC ("HealthTrust") is a Tennessee limited liability company with its principal place of business in Nashville, Tennessee. HealthTrust may be served through its registered agent, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

1

**Jurisdiction and Venue**

3. This Court has federal question jurisdiction because the case arises under the Americans with Disabilities Act. Venue is proper because HealthTrust denied Ms. Lancaster's application for employment in this District.

**Claim for Relief**

4. Ms. Lancaster worked as a nurse for HealthTrust Solutions (and its predecessor, All About Staffing) for many years. She left the company for a time, then applied to return. HealthTrust offered her a position. Then, on April 26, 2018, HealthTrust rescinded the offer. HealthTrust's letter and its attachments indicate that the company rescinded the offer because Ms. Lancaster's record includes a failed drug test and admission to a treatment program in 2005. This is accurate, but all of this pre-dated her prior employment with the company. In fact, she was under restrictions from the Texas and Mississippi nursing boards for a number of years, with the last of those restrictions being removed in 2010. HealthTrust was aware of all of this when it hired Mr. Lancaster the first time, and the records attached to HealthTrust's letter showed that she completed her treatment years ago.

5. When an employee has a history of drug addiction, but has successfully completed a drug rehabilitation program and is not a current drug user, the employee has a record of disability for purposes of the Americans with Disabilities Act. 42 U.S.C. § 12114(b). An employer may not discriminate against a job applicant based on a record of disability. 42 U.S.C. §§ 12102(1)(B), 12112(b)(1). Yet this is precisely what HealthTrust did with Ms. Lancaster. There is no question about her qualifications, and in fact she was ready to start work. Instead of welcoming her back, HealthTrust rescinded the offer of employment because of her record of disability from 2005.

6. Furthermore, the Americans with Disabilities Act prohibits an employer from using qualification standards or selection criteria that tend to screen out individuals with a disability. 42 U.S.C. § 12112(b)(6). Such a standard or criteria is permissible only if it is job-related and consistent with business necessity. If HealthTrust has adopted some qualification standard or selection criteria that would bar Ms. Lancaster's employment, the company could never establish business necessity, given that she worked for HealthTrust for many years.

7. Ms. Lancaster's counsel brought all of this to the attention of HealthTrust in a letter dated September 4, 2018. When HealthTrust did not resolve the situation, Ms. Lancaster filed a charge of discrimination with the EEOC on October 19, 2018. In its position statement to the EEOC, HealthTrust conceded its violation of the ADA: "Following receipt of the Charge, Respondent investigated and discovered that the offer was rescinded due to an administrative error." HealthTrust eventually gave Ms. Lancaster a job, but did not address the damages caused by the prior rescission of the job offer.

8. On November 14, 2019, the EEOC issued a Determination that HealthTrust violated the ADA. HealthTrust refused to resolve the case through the conciliation process. The EEOC issued a notice of right to sue on March 2, 2020.

9. Ms. Lancaster passed away after the issuance of the right to sue letter. However, claims under the ADA survive the death of the employee. *Guenther v. Griffin Constr. Co., Inc.*, 846 F.3d 979 (8th Cir. 2017). Mr. Lancaster brings this action as an heir of Ms. Lancaster and to the extent that he holds a community property interest in the claim.

10. All conditions precedent have occurred or been satisfied.

11. HealthTrust violated the ADA by rescinding Ms. Lancaster's job offer. HealthTrust is therefore liable to Mr. Lancaster (as heir to Ms. Lancaster) for back pay, loss of benefits,

compensatory and punitive damages, attorneys' fees, pre- and post-judgment interest as provided by law, and all costs of court.

HealthTrust should be cited to appear and answer and, upon final hearing, the Court should enter judgment in favor of Mr. Lancaster and against HealthTrust for back pay, loss of benefits, compensatory and punitive damages, attorneys' fees, pre- and post-judgment interest as provided by law, all costs of court, and any other relief to which she may be entitled.

                                          Respectfully submitted,

                                          /s/ David C. Holmes
                                          David C. Holmes, Attorney in Charge
                                          State Bar No. 09907150
                                          Southern District No. 5494
                                          13201 Northwest Freeway, Suite 800
                                          Houston, Texas 77040
                                          Telephone: 713-586-8862
                                          Fax: 713-586-8863
                                          dholmes282@aol.com

                                          ATTORNEY FOR PLAINTIFF