Case 4:20-cv-01957   Document 29   Filed on 06/17/22 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 17, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SCOTT LANCASTER, | § | |
|     Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-01957 |
| | § | |
| HEALTHTRUST WORKFORCE | § | |
| SOLUTIONS, LLC, | § | |
|     Defendant. | § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant HealthTrust Workforce Solutions, LLC's ("HealthTrust") Motion to Dismiss for Failure to State a Claim or in the alternative, Motion for Summary Judgment (Dkt. 19). After carefully reviewing the motion and response, the submissions, and the applicable law, the motion to dismiss is **GRANTED**. All other pending motions are **DENIED AS MOOT**.

### **FACTUAL BACKGROUND AND STANDARD OF REVIEW**

On June 3, 2020 Plaintiff Scott Lancaster, "in his capacity as heir to the estate of Angela Lancaster," brought this action against HealthTrust. In its pending motion, HealthTrust asserts that Lancaster's claims must be dismissed because he "lacks the capacity to bring this lawsuit on behalf of the Estate." (Dkt. 19 at 1).

There is no subsection of Rule 12(b) that expressly authorizes dismissal based on a lack of capacity to be sued. Nevertheless, "federal courts…traditionally have entertained

1

certain pre-answer motions that are not expressly provided for by the rules or statute[,]… such as motions raising…a lack of capacity to sue or be sued." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1360 (3d. Ed. 2016). Courts in this circuit have considered such motions pursuant to either Rule 12(b)(2) or Rule 12(b)(6). *See, e.g.*, *Roth v. City of Pineville*, No. 1:11-cv-2061, 2012 U.S. Dist. LEXIS 63358, 2012 WL 1596689, at *1 (W.D. La. Apr. 3, 2012) (Rule 12(b)(6)); *Richard v. City of Port Barre*, No. 6:14-cv-2427, 2014 U.S. Dist. LEXIS 180684, 2015 WL 252436, at *1 (W.D. La. Jan. 20, 2015) (Rule 12(b)(2)). The Court agrees with *Roth* that a Rule 12(b)(6) motion is the appropriate vehicle to challenge a defendant's capacity to be sued under the circumstances of the present case. *Roth*, 2012 U.S. Dist. LEXIS 63358, 2012 WL 1596689, at *1 ("A Rule 12(b)(6) motion is a proper vehicle for seeking dismissal of claims for lack of procedural capacity to be sued."). Accordingly, the procedure and substantive standards applicable to a Rule 12(b)(6) motion apply here.

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable clam. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Id*. at 161-62. When deciding a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks omitted). In considering a Rule

12(b)(6) motion to dismiss for failure to state a claim, a district court generally "must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). However, "the court may permissibly refer to matters of public record." *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir.1994); *see also Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005).

## ANALYSIS

Texas law "authorizes survival actions by the estate's personal representatives and heirs at law." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 212 (5th Cir. 2016) (citing TEX. CIV. PRAC. & REM. CODE § 71.021(b)). Usually only a personal representative may bring a survival action, but heirs at law can maintain a survival suit if they allege and prove that an administration has been closed, or when no administration is necessary. *Id.*, *see also Gonzalez v. Martinez*, No. 01-15-693-CV, 2017 Tex. App. LEXIS 4655, 2017 WL 2255649, at *4 (Tex. App.—Houston [1st Dist.] 2017).

'It is undisputed between the parties that Lancaster is not the personal representative of Angela Lancaster's estate. Furthermore, Lancaster has neither plead nor established that an administration of the estate has been closed or unnecessary. Lancaster is one of two possible heirs to the estate and has known since the day he filed this suit—almost two years ago—that an administration was necessary to proceed with this action. (Joint Discovery Case Management Plan, Dkt. 9 at 5). While Lancaster asserts that he has very recently started the process for administering the estate, those proceedings have yet to give him the

3

capacity to bring this action. There is no evidence in the record suggesting when the administration will be completed or whether, at its conclusion, Lancaster will ultimately have the capacity to bring this action. Finally, Lancaster's failure to timely seek the administration of the estate and establish capacity has unreasonably delayed the prosecution of this case and unfairly prejudiced the ability of defendants to defend themselves in this action. Accordingly, the Court finds that Lancaster has not pled sufficient facts showing that he has the capacity to assert claims on behalf of Angela Lancaster in this suit and this action should be dismissed.

## CONCLUSION

For the reasons stated above, HealthTrust's Motion to Dismiss (Dkt. 19) is **GRANTED** and this case is dismissed without prejudice. All other pending motions are **DENIED** as moot.

SIGNED at Houston, Texas this 17th day of June, 2022.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

4